# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
| --- | --- |
| Name (under which you were convicted): DIAZ LOPEZ RODRIGO | Docket or Case No.: CR 06-446-1-JO |
| Place of Confinement: C.C.C.C. California City California / P.O. Box. 3001-0001/ 93504 | Prisoner No.: 66812-065 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br><br>RODRIGO DIAZ LOPEZ |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Sentence entered by the United States District Court for the District of Portland Oregon, Sentece entered by the honorable Judge ROBERT E. JONES.(1000 S.W. 3th Av. P.O. 97204-2902)

   (b) Criminal docket or case number (if you know): CR 06-446-1-JO

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: 05-11-2007.

3. Length of sentence: (72)-months

4. Nature of crime (all counts): OFF/CHG: 8 USC 1326 (A) AND (B) (2) ILLEGAL RE-ENTRY COUNT 1.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

PG. 1

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒
9. If you did appeal, answer the following:
    (a) Name of court: _____
    (b) Docket or case number (if you know): _____
    (c) Result: _____
    (d) Date of result (if you know): _____
    (e) Citation to the case (if you know): _____
    (f) Grounds raised: _____
    _____
    _____
    _____
    _____
    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know): _____ N/A _____
        (2) Result: _____ N/A _____
        (3) Date of result (if you know): _____ N/A _____
        (4) Citation to the case (if you know): _____ N/A _____
        (5) Grounds raised: _____ N/A _____
        _____
        _____
        _____
        _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____ N/A
        (2) Docket or case number (if you know): _____ N/A
        (3) Date of filing (if you know): _____ N/A

(4) Nature of the proceeding: _____ **N/A** _____

(5) Grounds raised: _____ **N/A** _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ❏   **N/A**

(7) Result: _____ **N/A** _____

(8) Date of result (if you know): _____ **N/A** _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ **N/A** _____

(2) Docket or case number (if you know): _____ **N/A** _____

(3) Date of filing (if you know): _____ **N/A** _____

(4) Nature of the proceeding: _____ **N/A** _____

(5) Grounds raised: _____ **N/A** _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ❏   **N/A**

(7) Result: _____

(8) Date of result (if you know): __**N/A**__

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ❏   No ❏   **N/A**

(2) Second petition:   Yes ❏   No ❏   **N/A**

PG. 3

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____**N/A**_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: **"INEFFECTIVE ASSISTANCE OF COUNSEL"**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

> **See; Additional pages "EXHIBIT A". facts supporting this claim.**

(b) Direct Appeal of Ground One: **A direct appeal was never filed on my behalf by my representative lawyer.**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why: ____**N/A**____

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____**N/A**_____
   Name and location of the court where the motion or petition was filed: ____**N/A**____

PG. 4

Docket or case number (if you know): _____ **N/A**

Date of the court's decision: _____ **N/A**

Result (attach a copy of the court's opinion or order, if available): _____ **N/A**

---

(3) Did you receive a hearing on your motion, petition, or application?  **N/A**
    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?  **N/A**
    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?  **N/A**
    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:   **N/A**

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): _____ **N/A**

Date of the court's decision: _____ **N/A**

Result (attach a copy of the court's opinion or order, if available): __ **N/A**

---

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ **N/A**

```
1  RODRIGO DIAZ LOPEZ
   No. 66812-065
   California City Correctional C.
2  P.O. Box. 3001-0001
   California City California, 93054.
3
```

"EXHIBIT A"

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PORTLAND OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaitiff,<br><br>vs.<br><br>RODRIGO DIAZ LOPEZ<br>Defendant | FACTS SUPPORTING EACH GROUND<br>ON WHICH PETITIONER CLAIMS<br>THAT COUNSEL'S REPRESENTATION<br>WAS IN-EFFECTIVE. (IAC). |

Rodrigo Diaz Lopez, appeals to the United States District Court, (JUDGMENT) entered in the above entitle action on; May 11 of 2007.

Respectfully submited this __24__, of Nov. 2007.

Rodrigo Diaz Lopez/ Pro-se.
Defendant / Appellant
In Pro-se

A.- **STATEMENT OF FACTS.**

I.- Defendant Rodrigo Diaz Lopez, Defendant acting Pro-se in this matter files a Motion Pursuant to 28 U.S.C. 2255, seeking to Vacate, Set or Correct his Sentence.

II.- The Defendant on this Case has been charged with being an Undocumented Person previously Deported after an Aggravanted Felony conviction, subsequently Sentenced to 72 months.

III.- Defendant Rodrigo Diaz Lopez currently confined at the (C.C.C.C) / C.C.A. in California City CA.

B.- **DEFENDANT HEREBY APPEALS THE EXESSIVE SENTENCE AS WELL AS OTHER PROCEEDINGS IN THIS CASE.**

I.- Defendant specifically alleges that; Defense Counsel was Ineffective because:

II.- Defendant was misled to sing a Plea Barging Counsel verbally stated that the Plea Barging being sing was a Plea Barging for (6) to (24) months.

III.- Defendant locks knowlege on the English lenguage Defendant did not undurstood, comprehended nor was explained to him, by defense Counsel the whole nature and Consequences of Plea.

IV.- Defendant Counsel did not conducted the accurate evaluation which resulted in a (72) months sentence.

C.-　　　　　　　　**SUMMARI OF ARGUMENT**

I.- On or about **11-04-2006**, Rodrigo Diaz Lopez was apprehended by Border Patrol Agents. Defendant Rodrigo Diaz Lopez was charged with deported allien found in the United States in violation of **8 U.S.C. 1326**.

II.- Subsequently attorney **Mr. Keith Jordan**, was retained by defendant's family for the sume of **15,000, U.S. Dollars, taken as an initiating payment 8,000, U.S. Dollars, and the rest at the conclusion of the case.**

III.- Defendant's family agreed to Mr. Keith Jordan's terms when Mr. Keith Jordan told defendant and defendat's family that Rodrigo Diaz Lopez, would reseive a sentence no less than (6), and no greater than (24)-months.

IV.- Defendant was never informed on what approach Mr. Keith Jordan would take on defendant's case, nor defendant was accurate informed of any prospects, procedures on litigation matters, . . . Counsel at all times failed to communicate with Mr. Rodrigo Diaz Lopez, in regard to his case.

V.- Defendant is totally indigent in matters of the law, defendant's attorney failed to clearly instruct defendant about the full consequences of his plea. Subsequently defendant was sentenced to a **(72)-months term.**

1  **VI.-** Defendant's Attorney Mr. <u>Keith Jordan,</u> failed to file
2  an appeal notice after sentencing, costing defendant to lose
3  his right for a direct appeal, therefore defendant <u>Rodrigo</u>
4  <u>Diaz Lopez</u>, brings this issue in front of this court for **review**
5  **pursuant to title 28 U.S.C. 2255.**
6
7  **VII.-** As a further proof, at the sentencing hearing, when
8  defendant Rodrigo Diaz Lopez, was asked by the sentencing Judge
9  <u>**honorable Judge Jones,**</u> if Rodrigo Diaz Lopez was aware of the
10 plea bargaing that he had signed, defendant Rodrigo Diaz Lopez
11 responded "NO", Judge Jones called for a break and give the
12 order to **counsel** to advice defendant **Rodrigo Diaz**, about
13 the plea bargain, defendant trusted and believe representative
14 attorney Keith Jordan, when privately communicated to defendant
15 that the prosecutor was going to recommend forty-four to fifty-
16 seven months, but not to worry; Attorney Keith Jordan once more
17 promised to defendant Rodrigo Diaz Lopez, that he would get
18 **time surved, or a sentence no greater than (24)-months.**
19
20 **VIII.-** Defendant Rodrigo Diaz, has stablished that the defen-
21 dant 'only' has an education skill level of **(6)-years** in Mexico
22 which is the equivalent to less than 1st. Year of Junior-high,
23 here in the United States;
24
25 **IX.-** Defendant rodrigo Diaz Lopez, speaks very limited porti-
26 ons of the english lenguage;
27
28 **X.-** Defendant is not familiar with the law, defendant plased
all his trust on his represenitive counsel.

D.-       ARGUMENT.

I.-    Defendant Rodrigo Diaz Lopez, Appeals his case and sentencing for several reasons. The first and most important reason being is; Ineffective Assistance of Counsel.

II.-   Defendant's Counsel didn't conduct the accurate evaluation when Counsel told Defendant and Defendant's Family, that Rodrigo Diaz Lopez would get 6 to 24 months sentence; "Counsel preformance was deficient and that deficient preformance" Prejudiced the Defendant.

III.-  Defendant Pleaded guilty under the presumption that he would get 6-24 months sentence; therefore Plea of Guilty was wrongfully induced, Rodrigo Diaz Lopez was wronfully induced to Plea Guilty by representative Counsel by reason of a promise.

IV.-   The Decision on Brandy v. U.S. 397 U.S. 742, 751. 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). Disposes of petitions claims that he was improperly induced to Plea Guilty.

V.-    The Supreme Court has ganerally noted that a petitioner represented by Counsel "Is bond by his Plea and his conviction" unless he can allege and prove serious derelictions on the part of Counsel sufficient to show that his Plea was not after all a knowing an intemigent Act. Mac Mann v. Richarson, 397 U.S. 759, 774 90 S. Ct. 1441, 1450, 25 L. Ed. 2d 763 (1970).

VI.- In Mc Queen v. Swenson Supra. The court recognized the lenguage and standars set for by other Circuits concerning inefective Assistance of Counsel the court also acknowledged the logic of the American Bar Association "Standards" relating to the Procecution Function and the "Defence Function" (Aproved Draft 1971). The higher court held that under existing standards of this circuit the Failure to make a reasonable evaluation and Investigation by Counsel may amount to Ineffective Assistance of Counsel.

VII.- Representative Attorney Mr. Keith Jordan never send one piece of legal mail explaining sentencing guidelines, the point system,...etc.   Than upon seeing Defendant prior to sentencing hearing Mr. Keith Jordan persuasively had defendant sing a Plea Barging on which Mr. Keith Jordan verbally stated that it was a time served Plea Barging .

   *   This promise was also given to Rodrigo Diaz Lopez's Family members. Family was told by Mr. Keinth Jordan that Rodrigo Diaz Lopez would get time served.

VIII.-Defendant Counsel must at least as well as retained Lawyer with ordinary training and skill in the criminal law must conscientiously protect his client's interest undefected by conflicting considerations and defense Counsel must investi-gate all apparentlly substantial defenses available to the Defendant and must assert them in a propper and Timely Manner U.S.C.A Const. Amend. 6  Agee v. State 474 S.W. 2d at 820-21.

**IX.**-Defendant's family members are witness to Mr. <u>Keith Jordan's</u> promise. That is why this was such a shock to defendant Rodrigo Diaz Lopez, and all of his family when defendant was sentenced to **(72)-months,** for illegal re-entry, all members were so completely taken aback by this, as it was completely unexpected compered to what were led to believe and told by attorney Mr. <u>Keith Jordan.</u>

**X.-** If defendant Rodrigo Diaz Lopez had been accurately adviced and informd of prospects in his legal litigation matters he would easily accept (72)-months or any amount of time. But the way he and his family were so blatently lied to and misled by attorney Mr. <u>Keith Jordan,</u> is a **gross of injustice.**

**XI.-** Based on these facts this case need to be more fully explored, and because less stringent view is taken of the existing presedents in this matters concerning Inefective Assistance of Counsel, the proper procedure is to remand this issue for consideration in light of holdings in <u>Mc.Queen vs. Swenson,</u> Supra. The Court recognized the lenguage and standards set for by other courts/(circuits) concerning Ineffective Assistance of Counsel.

**XII.-** Under first prong of the Ineffective Assistance of Counsel, found in <u>Strickland vs. Washington  466U.S. 668 104 S. Ct. 2052,80 L.Ed. 2d 674 (1984).</u> If the advicement of counsel fell below the objective standar presumption . . . Counsel's conduct didn't fall within the wide range of reasonable profesional assistance, faillure could be consider as Ineffective Assistance of Counsel.    PG. 12

VIII.- Under second prong pettitioner was prejudice by counsel's error and evaluation of the case. <u>Fields v. Woodford</u>, 309 F.3d at 1107-08 : <u>Wildman v. Johnson, 261 F.3d 832 (9th. Cir. 2001).</u>

XIV.- "Prejudice occurs where there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been diferent".

XV.- It is also clear that Strichland analysis applies to claims of (Ineffective Assistance of Counsel) involving counsel's advice offered during the plea taken process. <u>Riggs v. Fairman 339, F.3d 1179, 1182 (9th Cir.2005).</u> It is ineffective to fail to advice a client enter a plea bargain whe is clearly in the best interest. . . . If that failure was outside the wide range of professionally competent assistance; See, <u>United States v. Leonti, 326, F.3d 1111, 1117 (9th Cir.2003).</u>

XVI.- This Court should consider defendant's claim (IAC), also consider defendant's position, and as well as defendant's family adverse position , . . , due to the unprofessional, manner Mr. Keith Jordan handled defendant's case.(1)*

---

(1) After sentencing hearing defendant's family confronted Mr. Keith Jordan requesting an explanation of the unexpected (72)-month sentence, compared to what they were led to believe (6)-(24)-months sentence.
Attorney Keith Jordan, could not give any clear explanation but instead he requested the remainder of the 15,000 $ that both parties agreed to; Defendant's family told Mr. Jordan that since he didn't comply with what he promised to do in

"CONCLUSION"

For the foregoing reasons this honorable Court should grant defendant's claim and remand this case for further evaluation and review; If ineffectiviness is found, this court should vacate the (72)-month Sentence and impose a sentence in accordance with a violation of 8 U.S.C. 1326(a), which carries a maximum of (24)-months sentence.

Also serving the criteria set for under 18 U.S.C. § 3553(a).

SENTENCE OF 24 MONTHS IS REASONABLE AND SUFFICIENT SENTENCE "BUT NOT GREATER THAN NECESSARY".

*Respectfully Submitted 24 of Nov 2007.

_Rodrigo Diaz Lopez_
Diaz   Lopez   Rodrigo
Defendant / Appellant
Pro-se.

regard to the (6)to(24)-months sentence; He would only reseive from them the initial 8,000 $ given at the begining of the case. Subsequently Mr. Keith Jordan Filed a Law-suit againts defendant's family for the reminder sum of 7,000 $. Due to tha fact defendant's family are at risk to lose their dwelling, (home-trailer).

## CERTIFICATE OF SERVICE / OR MAILING

CASE NAME: <u>UNITED STATES OF AMERICA</u>   vs.   <u>RODRIGO DIAZ LOPEZ</u>

CASE NUMBER:   <u>CR 06-446-1-JO</u>

I, the undersigned, herby affirmed that on this <u>27</u> day of <u>Nov.</u> <u>2007</u>, I deposited in the recepticle for the United States mail provided at this Institution for inmates, first class pre-paid postage, in a sealed envelope and addressed to:

United States District Court
740 United States Courthouse
1000 S.W. Third Avenue
Portland OR. 97204-2902.

a true and correct copy of the attached document(s) identified as follows:

(1)-original and (2)-copies, of (Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody) Motion Under 28 U.S.C. § 2255.

In accordance with <u>Houston V. Lack</u> 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. §1746(2). I further declare under the penalty of perjury that the foregoing is correct and true.

DATED: <u>11-27-07</u>

<u>Rodrigo Diaz Lopez</u>
AFFIANT Rodrigo Diaz Lopéz
Defendant  / Appellant
In Pro-se

```
Diaz Lopez Rodrigo
NO. 66812-065
California City Correctional C.
P.O. Box. 3001-0001
California City  CA. 93054.
```

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PORTLAND OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> Appelles / Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ) <br> RODRIGO DIAZ LOPEZ ) <br> Appellant / Defendant ) | Case No. 06-446-1-JO <br><br> MOTION FOR APPOINTMENT <br> OF COUNSEL ON APPEAL. |

Comes now defendant <u>Rodrigo Diaz Lopez,</u> In Pro-se, and files this motion for appointment of counsel on appeal.

On or about 05-11-2007, Rodrigo Diaz Lopez, was sentenced by the honorable Judge <u>Robert E. Jones,</u> to a prison term of (72)-months. Defendant hereby petitions the court for appointment of counsel on appeal.

"REASONS WHY DEFENDANT CANNOT REPRESENT HIM SELF IN APPEAL".

I.- Defendant is an Indigent Person

II.- Defendant first lenguage is not english lenguage, also speaks very limited portions of the english lenguage.

III.- Defendant is not familiar with the law.

For the foregoing reasons defendant respectfully request that this motion be granted in the interest of justice.

Executed (signed on) //-27-07.

PG, 1

## CERTIFICATE OF SERVICE / OR MAILING

CASE NAME: __UNITED STATES OF AMERICA__ vs. __RODRIGO DIAZ LOPEZ__

CASE NUMBER: __06-446-1-JO__


I, the undersigned, herby affirmed that on this _27_ day of _NOV._ _2007_, I deposited in the recepticle for the United States mail provided at this Institution for inmates, first class pre-paid postage, in a sealed envelope and addressed to:

United States District Court
740 United States Courthouse
1000 S.W. Third Avenue
Portland OR. 97204-2902.


a true and correct copy of the attached document(s) identified as follows:

(1)-original and (2)-copies

(MOTION FOR APPOINTMENT OF COUNSEL)


In accordance with Houston V. Lack 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. §1746(2). I further declare under the penalty of perjury that the foregoing is correct and true.


DATED: _11-27-07_

AFFIANT _Rodrigo Diaz Lopez_
Rodrigo Diaz Lopez
Defendant / Appellant
In Pro-se.

PG, 2