IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 06-446-1-JO |
| | ) | (Civil No. 07-70032-JO) |
| v. | ) | |
| | ) | O R D E R |
| RODRIGO DIAZ-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

David L. Atkinson
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204

  Of Attorneys for United States of America

Francesca Freccero
FEDERAL PUBLIC DEFENDER'S OFFICE
101 S.W. Main, Suite 1700
Portland, OR  97204

  Attorney for Defendant

JONES, Judge:

Petitioner, Rodrigo Diaz-Lopez, brings this amended motion (#38) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The original petition (#22) was timely filed on December 3, 2007.[1]  For the reasons set forth below, petitioner's amended § 2255 motion is

---

[1] The original § 2255 petition (#22) is superseded by the amended petition and is therefore moot.

construed as a motion under Rule 36 and is granted. Petitioner's original sentence is vacated and reentered to give petitioner the opportunity to pursue his direct appeal, which was prevented because of a clerical error.

## BACKGROUND

The procedural facts of this case are undisputed. On May 11, 2007, this court sentenced petitioner to a term of 72 months imprisonment. On May 16, 2007, petitioner, proceeding *pro se*, wrote a personal letter to me about his bad experience with his lawyer. In the letter, petitioner said that he would like to appeal his case, that he was indigent, and that he would need the assistance of an attorney. In keeping with the informality of petitioner's letter, I forwarded it to the Federal Public Defender on May 21, 2007, with my personal request that his office provide assistance to petitioner. It is unclear from the record what, if any, action was taken on behalf of petitioner at that point.

Months later, on September 27, 2007, I received a letter from the Federal Public Defender, who had received a letter from petitioner. In that letter petitioner asked for the court to provide him with all of the discovery in the case against him. The Federal Public Defender advised me that he was going to confer with the United States Attorney who had been on the case and provide the discovery to petitioner if there was no objection.

This court received no further communication concerning petitioner until December 3, 2007, when he filed, *pro se*, a § 2255 motion to vacate or correct his sentence. In the motion, petitioner sought relief for ineffective assistance of his trial counsel. The government filed a response to petitioner's motion and a few days later informed the court that petitioner's trial counsel recently had been suspended from practice in Oregon. In response to this information

2 - ORDER

and the fact that petitioner was still proceeding *pro se*, on February 21, 2008, I again referred the case to the Federal Public Defender.

On March 7, 2008, at the request of the Federal Public Defender made on March 4, 2008, I appointed his office as counsel for petitioner. This appointment did not come to the attention of the particular Federal Public Defender assigned to the case until June 6, 2008, and consequently briefing on the case was delayed. On November 19, 2008, the briefing was completed, and the matter is now before me.

## DISCUSSION

Petitioner brings this motion to vacate, set aside, or correct his sentence on the ground that counsel provided ineffective assistance by failing to ensure that his notice of appeal was properly accepted by the court. The right to appeal is an important right in and of itself, regardless of the possible outcome of the appeal. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) ("The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.") Had petitioner's counsel failed to provide this court with a notice of appeal, in contravention of petitioner's wishes, it would indeed be grounds for a favorable ruling on an ineffective assistance of counsel claim. *See* Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). As the Government points out, however, petitioner fired his attorney immediately following the sentencing proceeding. (Gov't Supp. Resp. to Defs. Pet. under 28 U.S.C. § 2255 at 2). This fact is corroborated by petitioner's original letter to me in which he sought a new attorney to aid him in an appeal and stated that he was giving notice for that appeal.

3 - ORDER

In a criminal case, the notice of appeal must be filed within ten days after the entry of judgment. Fed. R. App. P. 4(b); United States v. Clark, 984 F.2d 319, 320 (9th Cir. 1993). Because petitioner was proceeding pro se at the time of his letter to the court, and because his letter evinced an intent to appeal, his request should have been docketed as an appeal. *See*, *e.g.*, Brannan v. United States, 993 F.2d 709, 710 (9th Cir. 1993); *see also* Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988) ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.") Petitioner's letter was postmarked May 16, 2007, so his appeal was timely filed. As discussed above, however, there was a clerical error that prevented petitioner's notice of appeal from being properly docketed by the Clerk of the Court.

The parties do not dispute that petitioner is entitled to his direct appeal. (Gov't Resp. to Def's Petition Under 28 U.S.C. § 2255 at 1, 7; Am. Mot. to Set Aside Sentence Under 28 U.S.C. § 2255 at 2). The question at this late time is how to remedy that earlier clerical error.

The government has suggested that I might be able to craft some equitable tolling remedy that would relate back to the timely filed letter. Indeed, the Ninth Circuit has held that "when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001) (*quoting* Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999)). However, under Federal Rule of Appellate Procedure 4, "the district court lacks authority to extend this period by more than thirty days." United States v. Clark, 984 F.2d 319, 320 (9th Cir. 1993). Further, the Ninth Circuit has held that when a defendant is denied his right to appeal because of ineffective

4 - ORDER

assistance of counsel, the district court lacks the authority to order an out-of-time appeal. United States v. Pearce, 992 F.2d 1021, 1022 (9th Cir. 1993).

While perhaps easier procedurally, the error that occurred here is not due to ineffective assistance of counsel.  Neither side disputes that petitioner filed timely notice of appeal and should not be penalized because of a clerical error.

Given the circumstances of this case, it is fair to construe petitioner's § 2255 motion as a motion under Federal Rule of Criminal Procedure 36.  See Doganiere v. United States, 914 F.2d 165, 169 (9th Cir. 1990) ("[G]iven the showing made by [petitioner], his section 2255 motion can be construed as including a motion for relief under Rule 36.")  This is an extremely unusual case where a small clerical error has resulted in a large procedural problem.  Petitioner should not be denied his right to file a direct appeal for the sole reason that his letter, which should have been forwarded to *both* the Federal Public Defender and the Clerk of the Court, did not reach the Clerk due to a clerical oversight.  In view of that oversight, I conclude that it is appropriate to correct the error at this time.

This correction will not in and of itself reinstate petitioner's original timely filed appeal. *See* Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir. 1993) (holding that corrections under the similar Federal Civil Rule of Procedure 60(a) do not toll the time for appeal.)  The Rules of Appellate Procedure do not permit tolling of the time for filing a notice of appeal for a motion brought pursuant to Rule 36.  *See* Fed. R. App. P. 4(b)(3)(A).  Compliance with Rule 4 is both "mandatory and jurisdictional." Smith v. United States, 425 F.2d 173, 174 (9th Cir. 1970) (*citing* United States v. Robinson, 361 U.S. 220 1960).  To give petitioner the opportunity to properly perfect his direct appeal, I will vacate the case and re-enter judgment in conformity with the

5 - ORDER

remedy authorized by the Ninth Circuit when a direct appeal is prevented by ineffective assistance of counsel.  See Pearce, 992 F.2d at 1023.

Because petitioner, proceeding *pro se*, attempted diligently to comply with the strict time requirement of Rule 4, this relief is appropriate in the interests of justice.  If petitioner desires to pursue a direct appeal, he is directed to timely file his notice of appeal with the Clerk of this court.

## CONCLUSION

Based on the foregoing, petitioner's Motion to Vacate or Correct under 28 U.S.C. § 2255 (#38) is construed as a Motion under Rule 36 and is GRANTED.  The original judgment is vacated and re-entered.  The original sentence of 72 months imprisonment and three years supervised release is hereby reimposed as of this date.

IT IS SO ORDERED.

DATED this 27th day of April, 2009.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

6 - ORDER